IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YOUNG SANCHEZ,<br><br>      Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br><br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Case No. 2:09-CV-1116 DN<br><br><br>Magistrate Judge David Nuffer |

  Plaintiff Young Sanchez filed a motion for attorney's fees in the amount of $7,420.25 under the Equal Access to Justice Act ("EAJA"). [1] The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[2] Young is a prevailing party under the EAJA, having previously obtained a remand of the case to the Commissioner for further proceedings.[3]

  The Commissioner opposes an award of fees in this case on the ground that the agency's position was substantially justified.[4] In support of this argument, the Commissioner notes that while Sanchez succeeded on one of her arguments, the court "did not disagree with the Commissioner's reasoning in relation to Plaintiff's other arguments that allegedly support her

---

[1] Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act and Bill of Costs, docket no. 22, filed November 9, 2011.

[2] 28 U.S.C. § 2412(d)(1)(A).

[3] Memorandum Decision & Order, docket no. 20, filed September 30, 2011.

[4] Defendant's Response in Opposition to Plaintiff's Motion for EAJA Attorney's Fees ("Opposition") at 2-6, docket no. 24, filed December 5, 2011.

applications for disability insurance benefits and supplemental security income."[5] As the Commissioner recognizes, however, the case was remanded due to an apparent contradiction in the ALJ's decision. The ALJ stated that, with one exception, he accepted the findings of Nurse Eckford, who had treated Sanchez. The Vocational Expert testified, however, that some of Nurse Eckford's findings would preclude all work. Without explaining this significant contradiction, the ALJ concluded that Sanchez was capable of performing her past relevant work. Thus, the ALJ's decision conflicted with his own findings. The court therefore concludes that the Commissioner's position was not substantially justified.

The Commissioner also argues that the award of fees must be paid directly to the client, rather than her attorney. The Supreme Court has held that under the plain language of the statute, a fee award is payable to the litigant, not her attorney, and is subject to setoff for any preexisting debt owed to the United States.[6]

---

[5] *Id.* at 6.

[6] *Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-27 (2010).

## ORDER

Sanchez's motion for an award of attorney's fees under the Equal Access to Justice Act in the amount of $7,420.25 is **GRANTED**.[7] The fee award shall be payable to Ms. Sanchez. The government shall evaluate any assignment and the propriety of directing payment to counsel under any assignments made by Ms. Sanchez.[8]

Dated February 23, 2012.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[7] Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act and Bill of Costs, docket no. 22, filed November 9, 2011.

[8] *See Ratliff*, 130 S. Ct. at 2528-29; Opposition at 7.